UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| WESLEY S. HAMMOND, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:14-cv-00148-JMS-DKL |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**Entry Discussing Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying Certificate of Appealability**

For the reasons explained in this Entry, the motion of Wesley S. Hammond ("Hammond") for relief pursuant to 28 U.S.C. § 2255 must be **denied**. In addition, the Court finds that a certificate of appealability should not issue**.**

**I.  Background**

While incarcerated at an Indiana State prison, Hammond used a cellular telephone to run a methamphetamine and marijuana trafficking organization. As a result, on June 15, 2010, Hammond was charged in a multi-defendant Superseding Indictment that was filed in the Southern District of Indiana. Hammond was charged in Count One with conspiracy to distribute 500 grams or more of a mixture containing a detectable amount of methamphetamine and conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846.

On October 25, 2010, Hammond was charged in an Information alleging that he had two prior drug felony convictions, in violation of 21 U.S.C. § 851(a)(1).

1

On March 16, 2011, a jury found Hammond guilty of Count One of the Superseding Indictment.

On July 8, 2011, the Court held a sentencing hearing. The Court sentenced Hammond to life in prison, to be followed by ten years of supervised release. Hammond was also assessed the mandatory assessment of $100. The judgment of conviction was entered on July 8, 2011.

Hammond filed a notice of appeal on July 18, 2011. On December 3, 2012, the Seventh Circuit affirmed Hammond's conviction and sentence. *See United States v. Moreland*, 703 F.3d 976 (7th Cir. 2012). On May 13, 2013, Hammond's Petition for writ of *certiorari* was denied.

On May 22, 2014, a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 was filed for Hammond by his brother and co-defendant Antrio Hammond. This Court provided a copy of the § 2255 motion to Hammond so that he could sign and return the § 2255 motion. On June 4, 2014, Hammond's § 2255 motion was filed with his own signature. The United States responded to Hammond's 28 U.S.C. § 2255 motion and no reply was filed.

## II. Discussion

The Court must grant a § 2255 motion when a petitioner's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255. However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations." *Prewitt v. U.S.*, 83 F.3d 812, 816 (7th Cir. 1996). Relief under § 2255 is available only if an error is "constitutional, jurisdictional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted). It is appropriate to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C. § 2255.

Hammond claims that he is entitled to relief under § 2255 because his counsel failed to provide effective assistance as guaranteed by the Sixth Amendment. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. This right to assistance of counsel encompasses the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970); *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009).

A party claiming ineffective assistance of counsel bears the burden of showing (1) that his trial counsel's performance fell below objective standards for reasonably effective representation and (2) that this deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 688–94 (1984); *United States v. Jones*, 635 F .3d 909, 915 (7th Cir. 2011). *See also Stitts v. Wilson,* 713 F.3d 887, 891 (7th Cir. 2013) (petitioner has burden of demonstrating both deficient performance and prejudice). To satisfy the first prong of the *Strickland* test, the petitioner must direct the Court to specific acts or omissions of his counsel. *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009). The Court must then consider whether in light of all of the circumstances counsel's performance was outside the wide range of professionally competent assistance. *Id.*

For the reasons explained below each of Hammond's five specifications of ineffective assistance of counsel is without merit and his petition must be **denied.**

### A. Investigation and Witnesses

Hammond asserts that his counsel was ineffective for failing to investigate the facts and the law underlying the government's case against him. It is true that a defense attorney has a responsibility to reasonably investigate the circumstances of the case against his client. *See Bruce v. United States*, 256 F.3d 592, 587-89 (7th Cir. 2001). But, the mere allegation that a lawyer failed to conduct an adequate investigation, without particulars as to what was not done that should have

3

been, is insufficient to warrant post-conviction relief. "[I]f potential witnesses are not called, it is incumbent on the petitioner to explain their absence and to demonstrate, with some precision, the content of the testimony they would have given at trial." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987).

Hammond claims that Jennifer L. Poltrock and other unidentified witnesses should have been investigated, interviewed and called to testify at trial. However, how Hammond's counsel's investigation was insufficient, or what it was that counsel should have discovered that would have made a difference in the outcome of the criminal action is unspecified. To the contrary, Jennifer Poltrock was expected to testify as a witness called by the United States. Under these circumstances, Hammond has not met his burden and no relief is warranted.

### B. Uncontested Facts

Hammond's second specification of ineffective assistance of counsel is that counsel allegedly conceded that Hammond possessed a cell phone in prison and that Hammond was involved in the drug conspiracy. Hammond further complains that his counsel elicited prejudicial testimony from government witnesses and raised no defense. Again Hammond is mistaken. At the time the criminal organization charged in the indictment was in effect, Hammond was an inmate at the New Castle Correctional Facility in New Castle, Indiana. During his incarceration he had obtained a cellular telephone and used it to make calls to his co-defendants. Given the recordings of these calls, these facts could not be genuinely disputed. Hammond's attorney made the best possible argument under the circumstances. Counsel argued:

> Could any person be the coach of a team when he is not at the game? At the end of all the evidence, I am going to ask you to find Wesley Hammond not guilty, because they haven't proven that he ran this organization from a jail cell in New Castle, Indiana.

See Opening Statement, dkt. 1151 at pp. 22-30, specifically p. 30, lines 13-18. This argument was a valid trial strategy and Hammond is not entitled to relief on this basis.

### C. Recorded Phone Calls

Hammond's third specification of ineffective assistance is that counsel failed to independently investigate and subpoena the recorded phone conversations. As a result counsel allegedly failed to raise meritorious challenges to the wiretaps through a "proper" motion to suppress. Hammond does not explain what a "proper" motion to suppress should have argued and, in any event, the use of the wiretap recordings was addressed and upheld on direct appeal by the Seventh Circuit. *See United States v. Moreland*, 703 F.3d 976, 981-82 (7th Cir. 2012). Under these circumstances this Court need not revisit that issue. *See Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995); *Taylor v. United States*, 798 F.2d 271, 273 (7th Cir. 1986).

### D. Sentencing

Hammond's fourth specification of ineffective assistance of counsel asserts that he was denied adequate representation at sentencing. Hammond argues that his sentence was improperly enhanced based on his prior convictions and that his sentence conflicts with the holding of *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In response the United States argues that *Alleyne* has no applicability in Hammond's case, but even if that were not the case, the decision in *Alleyne* does not apply retroactively to cases on collateral review. *See Simpson v. United States*, 721 F. 3d 875 (7th Cir. 2013).

*Alleyne* overruled *Harris v. United States,* 536 U.S. 545 (2002), and found that the Sixth Amendment rights recognized in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), also apply to facts triggering a mandatory minimum sentence. This avails Hammond nothing, however, because the Seventh Circuit has already determined that *Alleyne* does not apply retroactively to cases on

5

collateral review. *Simpson v. United States,* 721 F.3d 875, 876 (7th Cir. 2013) (discussing *Alleyne* in context of habeas proceedings). Moreover, *Alleyne* does not implicate reliance on prior convictions as a basis for sentence enhancement.

### E. Cumulative Error

Hammond's fifth specification of ineffective assistance of counsel is that counsel was deficient in every regard such that the cumulative effect of the representation was deficient.

Although Hammond argues that his counsel failed him in every conceivable way he has not demonstrated how or in what respect his attorney's investigation of his case was inadequate, or demonstrated what testimony could have been presented (but was not) that would likely have changed the outcome of his trial. Hammond has demonstrated neither deficient performance nor any prejudice with respect to counsel's representation of Hammond in the criminal case. Hammond's claim of ineffective advocacy fails because the record demonstrates that a vigorous and competent defense was presented on his behalf. No relief is warranted on this basis.

### F. Prosecutorial Misconduct

Hammond also claims he is entitled to relief because of prosecutorial misconduct. First, Hammond asserts without any supporting facts or evidence that the United States coerced witnesses to plead guilty and to testify against alleged co-defendants. Second, the prosecutor allegedly asked Hammond not to challenge the wiretap evidence in exchange for the United States not filing or pursuing the Section 851 sentencing enhancements.

The United States argues that these claims are barred by procedural default. To preserve his issues, Hammond needed to assert them at trial or on direct appeal. *See Theodorou v. United States*, 887 F. 2d 1336, 1339 (7th Cir. 1989). "A § 2255 motion is 'neither a recapitulation of nor a substitute for a direct appeal.'" *McCleese v. United States*, 75 F. 3d 1174, 1177 (7th Cir. 1996).

"An issue not raised on direct appeal is barred from collateral review absent a showing of good cause for the failure to raise the claim on direct appeal and actual prejudice from the failure to raise those claims, or if a refusal to consider the issue would lead to a fundamental miscarriage of justice." *Prewitt v. United States*, 83 F. 3d 812, 816 (7th Cir. 1996).

The United States is correct that these arguments are barred by procedural default. Even if they were not, these claims would be summarily rejected because negotiations regarding plea agreements and stipulations as to certain evidence is within the discretion of the prosecutor. In addition, no claim of specific misconduct is supported by the record in this case.

### III. Conclusion

Hammond's conviction and sentence are supported by overwhelming evidence of his guilt. The Seventh Circuit noted in *United States v. Farr,* 297 F.3d 651, 657-58 (7th Cir. 2002):

> We have observed in the past that criminal defendants frequently "demonize" their lawyers. "If we are to believe the briefs filed by appellate lawyers, the only reasons defendants are convicted is the bumbling of their predecessors. But lawyers are not miracle workers. Most convictions follow ineluctably from the defendants' illegal deeds." *Burris v. Farley*, 51 F.3d 655, 662 (7th Cir. 1995).

For the reasons explained in this Entry, Hammond has failed to show that he is entitled to the relief he seeks and his motion for relief pursuant to 28 U.S.C. § 2255 must be **denied.** Judgment consistent with this Entry shall now issue.

This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 2:10-cr-007-JMS-CMM-1.

### IV.  Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Hammond has failed to show that reasonable jurists would find this court's "assessment of the constitutional claims debatable

or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: March 2, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Wesley S. Hammond, Jr.
DOC # 893302
Westville Control Unit
5501 South 1100 West
Westville, IN 46391

All Electronically Registered Counsel